Hearing Date and Time:  December 12, 2017 at 11:30 a.m. (ET)

DIAMOND McCARTHY LLP
Allan B. Diamond, Esq.
Adam L. Rosen, Esq.
489 Fifth Avenue, 21st Floor
New York, NY 10017
Tel: (212) 430-5400
Fax: (212) 430-5499

Christopher R. Murray, Esq.
Charles M. Rubio, Esq.
909 Fannin Street, 37th Floor
Houston, Texas 77010
Tel: (713) 333-5100
Fax: (713) 333-5199

*Proposed Counsel for Ponderosa*
*Energy LLC and GS Energy LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

     PONDEROSA ENERGY, LLC, and
     GS ENERGY, LLC[1]

               Debtors.
------------------------------------------------------------x

Chapter 11

Case No. 17-13484-SHL
(Jointly Administered)

## MOTION FOR ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT

Ponderosa Energy, LLC and GS Energy, LLC, as debtors and debtors in possession (together, the "Debtors") file this motion (the "Motion") for authorization to obtain credit pursuant to section 364(c) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code").

## JURISDICTION

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The last four digits of each Debtor's federal tax identification number are:  Ponderosa Energy, LLC (6262) and GS Energy, LLC (3426).

MOTION FOR ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are § 364 of the Bankruptcy Code and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On December 5, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in this Court.

5.      The Debtors are oil and gas exploration and production companies holding working interests in mineral leases in the Anadarko Basin in Northern Texas. These interests include hundreds of wells that produce substantial quantities of oil and gas. The Debtors are each wholly owned by other entities that share substantially common ownership.

6.      Additional information about the Debtors' businesses and the events leading up to the Petition Date may be found in *Chapter 11 Debtors Affidavit of Richard Sands* [Dkt. No. 6].

## RELIEF REQUESTED

7.      The Debtors seek entry of an interim order and final order substantially in the forms of the attached hereto to authorize the Debtors obtain credit from Casimir Resource Advisors LLC (in such capacity, the "Investor") pursuant to the commitment letter attached hereto as Exhibit A (the "Commitment Letter"). The Investor is an affiliate of the Debtors' equity owners.

8.      The Debtors request that the advances made by the Investor receive the following protections: (1) such claim will have priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title; (2) such claim will be secured by a lien on property of the Debtors' estate that is not otherwise subject to a lien; and (3) such claim shall be secured by a junior lien on property of the Debtors' estate that is subject to a lien. For avoidance

of doubt, the security interests granted to the Investor under the Commitment Letter shall not prime any existing liens on the Debtors' assets.

## BASIS FOR RELIEF

9.      Section 364 of the Bankruptcy Code provides in relevant part:

> If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—
>
> > (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
> >
> > (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
> >
> > (3) secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. § 364(c).

10.     The Investor has offered to make a loan to the Debtor up to the total principal sum of $250,000.00 to be used for the purpose of paying the Debtor's professional fees and U.S. Trustee fees in these Chapter 11 Cases.

11.     The Debtors need access to this draw facility to ensure that there are funds available to pay for the Debtors' professional fees and the U.S. Trustee fees in these Chapter 11 Cases.  These services of the Debtors' professionals are vital to the continued administration of the Debtors' Chapter 11 Cases.   The payment of the U.S. Trustee fees is necessary for the administration of the Chapter 11 Cases.

12.     On information and belief, the Debtor cannot find unsecured credit to fund these costs of the Chapter 11 Cases.   The Debtors contend that entry of an order approving financing is in the best interest of the Debtors' stakeholders and creditors.

## RULE 6003 REQUIREMENTS MET

13.     The Debtor's seek an initial advance in the amount of $50,000 on an interim basis.  This relief is appropriate to provide within the first 21 days following the Petition Date to assure the Debtor's professionals and the U.S. Trustee that funds are available to pay their fees.

## NOTICE

14.     Pursuant to Bankruptcy Rule 4001(c)(2), the Court may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion.

15.     Notice of this Application has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) each the creditors on the list filed pursuant to Bankruptcy Rule 1007(d); (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; and (iv) Jackson Walker LLP, Attn: Brian Kilpatrick, counsel to PPF2, LLC and PPF3, LLC; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the Southern District of New York; (vii) the New York State Department of Taxation and Finance; (viii) Signature Bank; and (ix) Insperity. The Debtor submits that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

16.    The Debtors respectfully request that this Court enter an order substantially in the

form of the proposed order attached hereto and grant any other relief that is just and proper.


Dated:  New York, New York
       December 8, 2017                     Respectfully submitted,

                                         DIAMOND McCARTHY LLP

                                         */s/ Charles M. Rubio*
                                         Charles M. Rubio
                                         Christopher R. Murray
                                         909 Fannin, Suite 3700
                                         Houston, TX 77010
                                         (713) 333-5100
                                         crubio@diamondmccarthy.com
                                         cmurray@diamondmccarthy.com

                                         Adam L. Rosen
                                         Sheryl P. Giugliano
                                         489 Fifth Avenue, 21st Floor
                                         New York, NY 10017
                                         (212) 430-5400
                                         arosen@diamondmccarthy.com
                                         sgiugliano@diamondmccarthy.com

                                         *Proposed Counsel to Debtors*
                                         *and Debtors-In-Possession*

## EXHIBIT A

**Commitment Letter**

# CASIMIR RESOURCE ADVISORS LLC
## 15 VALLEY DRIVE
## GREENWICH, CT 06831

December 7, 2017

Ponderosa Energy, LLC
GS Energy, LLC
745 Fifth Avenue, Suite 537
New York, NY 10151

Re: Funding Commitment (Non-Priming Debtor-In-Possession Financing)

Ladies and Gentlemen:

On December 5, 2017, Ponderosa Energy, LLC and GS Energy, LLC, as debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing chapter 11 cases (the "Chapter 11 Cases").   Pursuant to the terms and conditions set forth herein, Casimir Resource Advisors LLC ("Investor") has committed to loan up to $250,000.00 (the "Commitment") to the Debtors.   Investor is an affiliate of the owners of the Debtors.

Use of Proceeds. The proceeds of the Commitment will used by the Debtors to pay for the fees and expenses incurred by the Debtors' professionals in the Bankruptcy Case and to pay for fees charged by the Office of the United States Trustee (the "Permitted Expenses").

Advances.   The Investor shall make advances (each, an "Advance") to the Debtor up to the Commitment as follows.    A $50,000 Advance will be made within five business days of approval of this Commitment by the Bankruptcy Court.   The Investor shall make future Advances to the Debtor within five business days of the date that the Debtors provide written notice to the Investor that a Permitted Expense has become due and payable.   The future Advances will be in the amounts of the Permitted Expenses. The Advances will incur interest at a rate of 10% per annum until paid in full.

Investor Protections. The Investor shall have an administrative expense claim against the Debtor for the amounts advanced and interest under this commitment letter.   The Investor's claim shall be (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title; (2) secured by a lien on property of the Debtor's estate that is not otherwise subject to a lien; and (3) secured by a junior lien on property of the Estate that is subject to a lien.  For the avoidance of doubt, security for and Advances under this Commitment shall not prime any existing liens on the Debtors' assets.

Conditions. The Commitment shall be subject to the approval of the Bankruptcy Court.

Enforceability. This commitment letter may be enforced by the Debtor. Notwithstanding anything to the contrary in this commitment letter, none of the Debtors' creditors shall have the right to enforce this commitment letter.

Termination. The Investor's claims shall become immediately due and owing and the Investor's obligations to make further advance shall immediately terminate upon the first to occur of the following: (i) either of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, (ii) a chapter 11 trustee is appointed in the Chapter 11 Cases, (iii) the confirmation of a plan in the Chapter 11 Cases, (iv) the date that is 18 months from the date of this letter.

No Modification; Entire Agreement. This commitment letter may not be amended, modified or supplemented except by an agreement in writing signed by the Debtors and the Investor and with the approval of the Bankruptcy Court.

Parties in Interest; Third Party Beneficiaries. This commitment letter is for the sole benefit of and shall be binding upon the Investor and the Debtors. Nothing in this commitment letter, express or implied, is intended to or shall confer upon any person other than the Debtors and the Investor any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this letter agreement.

Governing Law; Submission to Jurisdiction; Venue. This commitment letter shall be governed by and construed in accordance with the internal laws of the State of New York without giving effect to any choice or conflict of law provision or rule. The parties agree that the Bankruptcy Court has authority to interpret and enforce the terms of this commitment letter. The parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or proceeding in such court and irrevocably waive and agree not to plead or claim such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

Waiver of Jury Trial. Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this commitment letter or the transactions contemplated hereby.

No Assignment. The Commitment evidenced by this commitment letter shall not be assignable by Investor without the Debtor's prior written consent.

Counterparts. This commitment letter may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this letter delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this commitment letter.

The Investor acknowledges that the Debtor is relying on this Commitment and the Investor agrees to be bound to the terms of the Commitment once approved by the Bankruptcy Court.

Very truly yours,

Casimir Resource Advisors LLC

By

Name: Richard Sands

Title:   Member Manager

**<u>PROPOSED INTERIM ORDER</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    PONDEROSA ENERGY, LLC, and
    GS ENERGY, LLC[1]

                         Debtors.
-----------------------------------------------------------x

Chapter 11

Case No. 17-13484-SHL
(Jointly Administered)

## <u>INTERIM ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT</u>

      The Court, having considered Ponderosa Energy, LLC And GS Energy, LLC (together, the "<u>Debtors</u>") *Motion for Authority To Obtain Credit* [Dkt. No. ____] (the "<u>Motion</u>"),[2] any responses to the Motion, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing thereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for the granting of the relief requested. Therefore, it is ORDERED that:

      1.      The Motion is hereby granted on an interim basis to the extent set forth herein.

      2.      The Debtors are authorized to make the initial draw and incur debt in the principal sum not to exceed $50,000 on terms of the commitment letter attached hereto as <u>Exhibit A</u> (the "<u>Commitment Letter</u>").

---

[1]    The last four digits of each Debtor's federal tax identification number are: Ponderosa Energy, LLC (6262) and GS Energy, LLC (3426).

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3.       The Investor is hereby granted an administrative expense claim pursuant to § 503(b) and 507(b) of the Bankruptcy Code for amounts owed by the Debtor under the Commitment Letter.

4.       The Investor is hereby granted a lien on property of the Debtors' estates that is not otherwise subject to a lien and a junior lien on property of the Debtors' estates that is subject to a lien to secure amounts owed to the Investor under the Commitment Letter; provided that the lien granted is subject to the following carve outs: debtor's professional's fees, fees pursuant to 28 U.S.C. § 1930(a)(6) and interest thereon pursuant to  31 U.S.C § 3717 and fees and expenses for a Chapter 7 trustee in the amount of $10,000; provided further that the liens do not attach to any avoidance actions unless and until the financing is approved on a final basis.

5.       The Debtors are authorized to take all actions necessary to effectuate the relief granted by this order.

6.       The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.


New York, New York
Dated:_____, 2017.


_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Commitment Letter**

# CASIMIR RESOURCE ADVISORS LLC
# 15 VALLEY DRIVE
# GREENWICH, CT 06831

December 7, 2017

Ponderosa Energy, LLC
GS Energy, LLC
745 Fifth Avenue, Suite 537
New York, NY 10151

Re: Funding Commitment (Non-Priming Debtor-In-Possession Financing)

Ladies and Gentlemen:

On December 5, 2017, Ponderosa Energy, LLC and GS Energy, LLC, as debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing chapter 11 cases (the "Chapter 11 Cases").   Pursuant to the terms and conditions set forth herein, Casimir Resource Advisors LLC ("Investor") has committed to loan up to $250,000.00 (the "Commitment") to the Debtors.    Investor is an affiliate of the owners of the Debtors.

Use of Proceeds. The proceeds of the Commitment will used by the Debtors to pay for the fees and expenses incurred by the Debtors' professionals in the Bankruptcy Case and to pay for fees charged by the Office of the United States Trustee (the "Permitted Expenses").

Advances.   The Investor shall make advances (each, an "Advance") to the Debtor up to the Commitment as follows.    A $50,000 Advance will be made within five business days of approval of this Commitment by the Bankruptcy Court.   The Investor shall make future Advances to the Debtor within five business days of the date that the Debtors provide written notice to the Investor that a Permitted Expense has become due and payable.   The future Advances will be in the amounts of the Permitted Expenses. The Advances will incur interest at a rate of 10% per annum until paid in full.

Investor Protections.  The Investor shall have an administrative expense claim against the Debtor for the amounts advanced and interest under this commitment letter.   The Investor's claim shall be (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title; (2) secured by a lien on property of the Debtor's estate that is not otherwise subject to a lien; and (3) secured by a junior lien on property of the Estate that is subject to a lien.  For the avoidance of doubt, security for and Advances under this Commitment shall not prime any existing liens on the Debtors' assets.

Conditions. The Commitment shall be subject to the approval of the Bankruptcy Court.

Enforceability. This commitment letter may be enforced by the Debtor. Notwithstanding anything to the contrary in this commitment letter, none of the Debtors' creditors shall have the right to enforce this commitment letter.

Termination. The Investor's claims shall become immediately due and owing and the Investor's obligations to make further advance shall immediately terminate upon the first to occur of the following: (i) either of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, (ii) a chapter 11 trustee is appointed in the Chapter 11 Cases, (iii) the confirmation of a plan in the Chapter 11 Cases, (iv) the date that is 18 months from the date of this letter.

No Modification; Entire Agreement. This commitment letter may not be amended, modified or supplemented except by an agreement in writing signed by the Debtors and the Investor and with the approval of the Bankruptcy Court.

Parties in Interest; Third Party Beneficiaries. This commitment letter is for the sole benefit of and shall be binding upon the Investor and the Debtors. Nothing in this commitment letter, express or implied, is intended to or shall confer upon any person other than the Debtors and the Investor any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this letter agreement.

Governing Law; Submission to Jurisdiction; Venue. This commitment letter shall be governed by and construed in accordance with the internal laws of the State of New York without giving effect to any choice or conflict of law provision or rule. The parties agree that the Bankruptcy Court has authority to interpret and enforce the terms of this commitment letter. The parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or proceeding in such court and irrevocably waive and agree not to plead or claim such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

Waiver of Jury Trial. Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this commitment letter or the transactions contemplated hereby.

No Assignment. The Commitment evidenced by this commitment letter shall not be assignable by Investor without the Debtor's prior written consent.

Counterparts. This commitment letter may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this letter delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this commitment letter.

The Investor acknowledges that the Debtor is relying on this Commitment and the Investor agrees to be bound to the terms of the Commitment once approved by the Bankruptcy Court.

Very truly yours,

Casimir Resource Advisors LLC

By _____

Name: Richard Sands

Title:   Member Manager

**PROPOSED FINAL ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

    PONDEROSA ENERGY, LLC, and
    GS ENERGY, LLC[1]

                Debtors.

--------------------------------------------------------x

Chapter 11

Case No. 17-13484-SHL
(Jointly Administered)

## ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT

The Court, having considered Ponderosa Energy, LLC And GS Energy, LLC (together, the "Debtors") *Motion for Authority To Obtain Credit* [Dkt. No. ____] (the "Motion"),[2] any responses to the Motion, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing thereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for the granting of the relief requested.  Therefore, it is ORDERED that:

1.      The Motion is hereby granted on final basis.

2.      The Debtors are authorized to incur debt in the principal sum not to exceed $250,000 on terms of the commitment letter attached hereto as Exhibit A (the "Commitment Letter")

---

[1]    The last four digits of each Debtor's federal tax identification number are:  Ponderosa Energy, LLC (6262) and GS Energy, LLC (3426).

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3.       The Investor is hereby granted an administrative expense claim pursuant to § 503(b) and 507(b) of the Bankruptcy Code for amounts owed by the Debtor under the Commitment Letter.

4.       The Investor is hereby granted a lien on property of the Debtors' estates that is not otherwise subject to a lien and a junior lien on property of the Debtors' estates that is subject to a lien to secure amounts owed to the Investor under the Commitment Letter; provided that the lien granted is subject to the following carve outs: debtor's professional's fees, fees pursuant to 28 U.S.C. § 1930(a)(6) and interest thereon pursuant to 31 U.S.C § 3717 and fees and expenses for a Chapter 7 trustee in the amount of $10,000; provided further that the liens attach to avoidance actions.

5.       The Debtors are authorized to take all actions necessary to effectuate the relief granted by this order.

6.       This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.


New York, New York
Dated:_____, 2017.


                                                   _____
                                                   UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

### Commitment Letter

# CASIMIR RESOURCE ADVISORS LLC
# 15 VALLEY DRIVE
# GREENWICH, CT 06831

December 7, 2017

Ponderosa Energy, LLC
GS Energy, LLC
745 Fifth Avenue, Suite 537
New York, NY 10151

Re: Funding Commitment (Non-Priming Debtor-In-Possession Financing)

Ladies and Gentlemen:

On December 5, 2017, Ponderosa Energy, LLC and GS Energy, LLC, as debtors and debtors in possession (together, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing chapter 11 cases (the "Chapter 11 Cases"). Pursuant to the terms and conditions set forth herein, Casimir Resource Advisors LLC ("Investor") has committed to loan up to $250,000.00 (the "Commitment") to the Debtors. Investor is an affiliate of the owners of the Debtors.

Use of Proceeds. The proceeds of the Commitment will used by the Debtors to pay for the fees and expenses incurred by the Debtors' professionals in the Bankruptcy Case and to pay for fees charged by the Office of the United States Trustee (the "Permitted Expenses").

Advances. The Investor shall make advances (each, an "Advance") to the Debtor up to the Commitment as follows. A $50,000 Advance will be made within five business days of approval of this Commitment by the Bankruptcy Court. The Investor shall make future Advances to the Debtor within five business days of the date that the Debtors provide written notice to the Investor that a Permitted Expense has become due and payable. The future Advances will be in the amounts of the Permitted Expenses. The Advances will incur interest at a rate of 10% per annum until paid in full.

Investor Protections. The Investor shall have an administrative expense claim against the Debtor for the amounts advanced and interest under this commitment letter. The Investor's claim shall be (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title; (2) secured by a lien on property of the Debtor's estate that is not otherwise subject to a lien; and (3) secured by a junior lien on property of the Estate that is subject to a lien. For the avoidance of doubt, security for and Advances under this Commitment shall not prime any existing liens on the Debtors' assets.

Conditions. The Commitment shall be subject to the approval of the Bankruptcy Court.

Enforceability. This commitment letter may be enforced by the Debtor. Notwithstanding anything to the contrary in this commitment letter, none of the Debtors' creditors shall have the right to enforce this commitment letter.

Termination. The Investor's claims shall become immediately due and owing and the Investor's obligations to make further advance shall immediately terminate upon the first to occur of the following: (i) either of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, (ii) a chapter 11 trustee is appointed in the Chapter 11 Cases, (iii) the confirmation of a plan in the Chapter 11 Cases, (iv) the date that is 18 months from the date of this letter.

No Modification; Entire Agreement. This commitment letter may not be amended, modified or supplemented except by an agreement in writing signed by the Debtors and the Investor and with the approval of the Bankruptcy Court.

Parties in Interest; Third Party Beneficiaries. This commitment letter is for the sole benefit of and shall be binding upon the Investor and the Debtors. Nothing in this commitment letter, express or implied, is intended to or shall confer upon any person other than the Debtors and the Investor any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this letter agreement.

Governing Law; Submission to Jurisdiction; Venue. This commitment letter shall be governed by and construed in accordance with the internal laws of the State of New York without giving effect to any choice or conflict of law provision or rule. The parties agree that the Bankruptcy Court has authority to interpret and enforce the terms of this commitment letter. The parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or proceeding in such court and irrevocably waive and agree not to plead or claim such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

Waiver of Jury Trial. Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this commitment letter or the transactions contemplated hereby.

No Assignment. The Commitment evidenced by this commitment letter shall not be assignable by Investor without the Debtor's prior written consent.

Counterparts. This commitment letter may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this letter delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this commitment letter.

The Investor acknowledges that the Debtor is relying on this Commitment and the Investor agrees to be bound to the terms of the Commitment once approved by the Bankruptcy Court.

Very truly yours,

Casimir Resource Advisors LLC

By _____

Name: Richard Sands

Title:   Member Manager