Presentment Date and Time: February 15, 2018 at 12:00 Noon (ET)
Objection Deadline: February 13, 2018 at 4:00 PM (ET)

DIAMOND McCARTHY LLP
Adam L. Rosen, Esq.
Sheryl P. Giugliano, Esq.
489 Fifth Avenue, 21st Floor
New York, NY 10017
Tel: (212) 430-5400
Fax: (212) 430-5499

Christopher R. Murray, Esq.
Charles M. Rubio, Esq.
909 Fannin Street, 37th Floor
Houston, Texas 77010
Tel: (713) 333-5100
Fax: (713) 333-5199

*Proposed Counsel for Ponderosa
Energy LLC and GS Energy LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    PONDEROSA ENERGY, LLC, and
    GS ENERGY, LLC[1]

                     Debtors.
-----------------------------------------------------------x

Chapter 11

Case No. 17-13484-SHL
(Jointly Administered)

## DEBTORS' MOTION TO ESTABLISH BAR DATE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE

Ponderosa Energy, LLC ("Ponderosa") and GS Energy, LLC ("GSE"), as debtors and debtors in possession (together, the "Debtors") file this *Motion to Establish Bar Date for Filing Proofs of Claim and Approving the Form and Manner of Notice* (the "Motion"), and respectfully state as follows.

---

[1]     The last four digits of each Debtor's federal tax identification number are: Ponderosa Energy, LLC (6262) and GS Energy, LLC (3426).

**Background**

1. The Debtors are oil and gas exploration and production companies holding working interests in mineral leases in the Anadarko Basin in Northern Texas. These interests include hundreds of wells that produce substantial quantities of oil and gas. The Debtors are each wholly owned by other entities that share substantially common ownership.

2. Ponderosa operates wells in Carson, Gray, and Hutchinson counties in Texas. GSE operates wells in Carson, Hutchinson, and Moore counties in Texas.

3. These bankruptcy cases (the "Chapter 11 Cases") were filed on December 5, 2017 ("Petition Date").

4. On December 7, 2017, the court entered its Amended Order Directing Joint Administration of the Chapter 11 Cases [ECF No. 9].

5. On January 5, 2018, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). The Committee is comprised of three members: Anderson Roustabout & Construction; CRL Pump & Supply; and Philip Gunn.

6. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their business and managing their property as debtors in possession.

**Jurisdiction and Venue**

7. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. § 1334.

8. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

9. Venue of the Debtors' Chapter 11 Cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory bases for the relief sought herein is sections 501 and 503 of title 11 of the United States Code, (as amended, the "<u>Bankruptcy Code</u>"), rules 2002 and 3003(e) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>).

### **Relief Requested**

11. By this motion, the Debtors seek entry of the Bar Order, in substantially the same form as the order annexed hereto, (i) setting a Bar Date by which proofs of claim against the Debtors and their estates must be filed, or be forever barred, pursuant to Bankruptcy Rule 3003(c)(3); (ii) approving the form of notice of the Bar Date to be sent to creditors and parties in interest ("<u>Bar Date Notice</u>"); and (iii) approving as adequate and sufficient service of the Bar Date Notice by first class mail.

12. The Debtors believe it is appropriate at this time for the Court to fix a Bar Date for the filing of all proofs of claims against the Debtors, except for any person or entity that has already filed a proof of claim against the Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 10.

13. The Debtors respectfully request that Monday, April 16, 2018, at 5:00 P.M. prevailing time is an appropriate Bar Date by which all claims against the Debtors which arose prior to the Petition Date, other than claims of governmental units must be filed.

14. Proofs of claim filed by governmental units (as such term is defined in Section 101(27) of the Bankruptcy Code) must be filed on or before Monday June 4, 2018, which date is more than 180 days after the Petition Date.

15. In accordance with Bankruptcy Rule 3003(c)(2), holders of such claims who fail to comply with the Bar Order should be forever barred from (i) filing a proof of claim with

3

respect to such claim, (ii) asserting such claims against the Debtors or their respective estate and/or property, (iii) voting on any plan of reorganization filed in these jointly administered cases and (iv) participating in any distribution in the Debtors' chapter 11 cases on account of such claims.

### NOTICE OF THE BAR ORDER AND BAR DATE

16.     Pursuant to the proposed Bar Order and Bankruptcy Rule 2002(a)(7), the Debtors propose to mail the Bar Date Notice, in a form substantially similar to the Form annexed hereto as Exhibit A, on or before March 5, 2018 to:

(a)     the United States Trustee;
(b)     members of the Committee;
(c)     all persons or entities that have requested notice of the proceedings in these Chapter 11 cases;
(d)     all persons or entities that have filed claims;
(e)     all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;
(f)     all parties to executory contracts and unexpired leases of the Debtors listed in the Schedules;
(g)     all parties to litigation with the Debtors;
(h)     the Internal Revenue Service for the district in which the cases are pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and
(i)     such additional persons and entities as deemed appropriate by the Debtors.

17.     The Debtors intend to include with the mailing of the Bar Date Notice a proof of claim form substantially similar to form annexed hereto as Exhibit B ("Proof of Claim Form").

18.     By establishing the Bar Date in accordance with the provisions hereof, all potential claimants will have at least 40 days' notice of the Bar Date for filing their proofs of claim. Such period is clearly an adequate period of time within which to file a proof of claim.

### NOTICE

19.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York; (ii) members of the Committee; (iii) those

persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002; and (iv) Jackson Walker LLP, Attn: Brian Kilpatrick, counsel to PPF2, LLC and PPF3, LLC.  The Debtor submits that no other or further notice need be provided.

WHEREFORE, the Debtors ask that the Court enter an order substantially in the form of the proposed order attached hereto and grant such other relief as may be proper.

Dated: February 1, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
Christopher R. Murray
909 Fannin, Suite 3700
Houston, TX 77010
(713) 333-5100
crubio@diamondmccarthy.com
cmurray@diamondmccarthy.com

Adam L. Rosen
Sheryl P. Giulianoa
489 Fifth Avenue, 21st Floor
New York, NY 10017
(212) 430-5400
arosen@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

*Proposed Counsel to Debtors
and Debtors-In-Possession*

## EXHIBIT A

**Proposed Form for Notice of Bar Date**

DIAMOND McCARTHY LLP
Adam L. Rosen, Esq.
Sheryl P. Giugliano, Esq.
489 Fifth Avenue, 21st Floor
New York, NY 10017
Tel: (212) 430-5400
Fax: (212) 430-5499

Christopher R. Murray, Esq.
Charles M. Rubio, Esq.
909 Fannin Street, 37th Floor
Houston, Texas 77010
Tel: (713) 333-5100
Fax: (713) 333-5199

*Proposed Counsel for Ponderosa*
*Energy LLC and GS Energy LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    PONDEROSA ENERGY, LLC, and
    GS ENERGY, LLC[1]

                          Debtors.
-----------------------------------------------------------x

Chapter 11

Case No. 17-13484-SHL
(Jointly Administered)

### NOTICE OF DEADLINE TO FILE CLAIMS AGAINST PONDEROSA ENERGY, LLC AND GS ENERGY, LLC

    **PLEASE TAKE NOTICE** that the United States Bankruptcy Court ("Bankruptcy Court") has entered an order establishing **[April 16], 2018** (the "General Bar Date") as the deadline by which all proofs of claim asserted by any individual or entity asserting a claim against Ponderosa Energy, LLC or GS Energy, LLC (the "Debtors").

    **PLEASE TAKE NOTICE** that the Bankruptcy Court has entered an order establishing **[June 4], 2018** (the "Governmental Unit Bar Date" and together with the General Bar Date, the "Bar Date"), as the deadline by which all governmental units must assert claims against the Debtors.

---

[1]    The last four digits of each Debtor's federal tax identification number are: Ponderosa Energy, LLC (6262) and GS Energy, LLC (3426).

**WHAT TO FILE**

Attached to this Notice is a Proof of Claim Form to be used in submitting your claim. Please carefully review the instructions, complete and submit the Proof of Claim Form to the extent you assert a claim against either of the Debtor's estate. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant, or if the claimant is not an individual, by an authorized agent of the claimant. It must be in English and be denominated in United States currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. The names of the Debtors and their respective case number is:

| | |
|---|---|
| Ponderosa Energy LLC | Case No. 17-13484 |
| GS Energy LLC | Case No. 17-13485 |

**WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to December 5, 2017 (the "Filing Date"). Claims based on acts or omissions of the Debtors that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**WHEN AND WHERE TO FILE**

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website,

www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the address provided below:

Alternatively, proofs of claim may be filed by mailing or otherwise delivering the original proof of claim to the Court so as to be received on or before the Bar Date at the following address:

> **Clerk of the Court**
> **United States Bankruptcy Court**
> **One Bowling Green**
> **New York, NY 10004-1408**

Proofs of claim will be deemed filed only when <u>received</u> at the address listed above or filed electronically on or before the Bar Date. Proofs of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

**IF YOU FAIL TO SUBMIT A PROOF OF CLAIM, YOUR CLAIM MAY BE FOREVER BARRED. YOU MAY WANT TO CONSULT YOUR OWN ATTORNEY. YOU HAVE THE SOLE RESPONSIBILITY TO CORRECTLY AND TIMELY COMPLETE AND SUBMIT THE PROOF OF CLAIM FORM FOR YOUR CLAIM.**

Dated: _____, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ DRAFT*
Charles M. Rubio
Christopher R. Murray
909 Fannin, Suite 3700
Houston, TX 77010
(713) 333-5100
crubio@diamondmccarthy.com
cmurray@diamondmccarthy.com

Adam L. Rosen
Sheryl P. Giugliano
489 Fifth Avenue, 21st Floor
New York, NY 10017
(212) 430-5400
arosen@diamondmccarthy.com
sgiugliano@diamondmccarthy.com

*Proposed Counsel to Debtors*
*and Debtors-In-Possession*

**PROPOSED ORDER**

DIAMOND McCARTHY LLP
Allan B. Diamond, Esq.
Adam L. Rosen, Esq.
489 Fifth Avenue, 21st Floor
New York, NY 10017
Tel: (212) 430-5400
Fax: (212) 430-5499

Christopher R. Murray, Esq.
Charles M. Rubio, Esq.
909 Fannin Street, 37th Floor
Houston, Texas 77010
Tel: (713) 333-5100
Fax: (713) 333-5199

*Proposed Counsel for Ponderosa*
*Energy LLC and GS Energy LLC*


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    PONDEROSA ENERGY, LLC, and
    GS ENERGY, LLC[1]

                    Debtors.
-----------------------------------------------------------x

Chapter 11

Case No. 17-13484-SHL
(Jointly Administered)

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order, pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate

---

[1] The last four digits of each Debtor's federal tax identification number are: Ponderosa Energy, LLC (6262) and GS Energy, LLC (3426).

notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter 11 petitions on December 5, 2017 (the "Filing Date"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before April 16, 2018 at 4:00 P.M. Eastern Time (the "General Bar Date"); and it is further

**ORDERED**, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before June 4, 2018, at 4:00 P.M. Eastern Time (the date that is one hundred eighty (180) days after the date of the order for relief); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

    (a)    Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

    (b)    Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408;

(c) Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e) Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor; and it is further

**ORDERED**, Proofs of Claim need not be filed as to the following types of claims:

(a) Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410, so long as the claimant does not wish to assert such claim against a Debtor who was not named in the original claim, in which case another Proof of Claim must be filed;

(b) Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) Any claim that heretofore has been allowed by Order of this Court;

(d) Any claim that has been paid in full by any of the Debtors;

(e) Any claim for which different specific deadlines have previously been fixed by this Court; and

(f) Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate, except as otherwise provided below;

**ORDERED,** that Claims under section 503(b)(9) must be filed by the deadlines set forth in this Order, and it is further;

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection

is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity interests in the Debtors need not file proofs of interest with respect to the ownership of such equity interest, provided, however, that if any such holder asserts a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

**ORDERED**, that if the Debtors amend or supplement the Schedules subsequent to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Bar Date on:

(a) The United States Trustee;

(b) Counsel to each official committee;

(c) All persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d) All persons or entities that have filed claims;

(e) All creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) All parties to executory contracts and unexpired leases of the Debtors;

(g) All parties to litigation with the Debtors;

(h) The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i) Such additional persons and entities as deemed appropriate by the Debtors; and it is further

**ORDERED**, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
      February ____, 2018

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE