UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Chapter 11

PONDEROSA ENERGY, LLC                           Case No. 17-13484 (SHL)
and GS ENERGY, LLC                                    (Jointly Administered)

                                Debtors.
------------------------------------------------------------X

## CASIMIR RESOURCE ADVISORS LLC'S AND PONDEROSA TX OPERATING LLC'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(B)(1)(A)

Casimir Resource Advisors LLC ("CRA") and Ponderosa TX Operating LLC ("TX"), by and through their undersigned attorneys, hereby move this Court (the "Motion") for the entry of an order pursuant to 11 U.S.C. § 503(b)(1)(A) allowing and directing immediate payment to CRA and TX of an administrative expense claims in the amounts of $36,250.00 and $73,500.00 respectively, for post-petition services provided to Ponderosa Energy, LLC and GS Energy, LLC (the "Debtors"). In support of its Motion CRA and TX respectfully state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).

4. CRA and TX consent to the Court's entry of a final order or judgment resolving this Motion.

5. The statutory basis for the relief requested in this Motion is 11 U.S.C. § 503(b)(1)(A).

## BACKGROUND

6. The Debtors are owners of oil and gas leases and wells located in Carson County, Texas; Gray County, Texas; Moore County, Texas; and Hutchinson County, Texas. The Debtors' headquarters are located at 745 Fifth Avenue, Suite 537, New York, NY, 10151.

7. Debtor Ponderosa Energy, LLC wholly owns two subsidiaries: DND Oil Inc. and BTX Production Inc. These entities were formed for the purposes of making acquisitions. These entities do not hold any assets or have any operations.

8. On December 5, 2017, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and are managing their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

As provided in the Debtors' Chapter 11 Affidavit (Doc. No. 6):

> Richard Sands is the head of the management team for both Debtors. In addition to overseeing operations, he is also responsible for financing activities. Richard Sands is resident in New York City and works at the Debtors' offices on Fifth Avenue. Richard Sands also provides financial, managerial and administrative services to the Debtors through his role at Casimir Resources Advisors LLC ("CRA").
>
> Adam Sands provides administrative support is primarily responsible for the operational activities of the Debtors. Adam is resident in New York City and works at the Debtors' offices on Fifth Avenue.
>
> William Poon provides financial, human resources and administrative services to the Debtors. These services are provided through William Poon's role at CRA.
>
> The Debtors compensate CRA from time to time for the benefit of the services provided by CRA, including services provided by Richard Sands and William Poon.
>
> The Debtors have not retained financial consultants. The Debtors have an existing management relationship with CRA whereby CRA personnel provide administrative services.

See Debtors' Chapter 11 Affidavit Doc. No. 6 at paragraphs 27-30 and 34.

As also provided in the Debtors' Chapter 11 Affidavit: "Ponderosa pays approximately $7,100 on a semi-monthly basis to a payroll company ..." Doc. No. 6 at paragraph 39.

## RELIEF REQUESTED

9. Since the filing date, TX has funded the Debtor's payroll obligations averaging $14,700 per month. Copies of TX's monthly invoices are provided at Exhibit "A". CRA has continued to provide management and administrative support to the Debtors. Copies of its monthly invoices are provided at Exhibit "B".

10. By this Motion CRA and TX respectfully request that the Court enter an order (a) allowing them an administrative expense claim in the aggregate amount of $109,750 for post-petition services provided to the Debtors, and (b) ordering the Debtors to pay them their respective allowed administrative expense claims immediately.

## BASIS FOR RELIEF

**A.    The Court Should Allow CRA and TX Administrative Expense Claims for Unpaid Post-Petition Services Provided to the Debtors**

11. Section 503 of the Bankruptcy Code provides that, after notice and a hearing, there shall be allowed administrative expenses, including the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

12. Courts have consistently held that a debtor must pay the reasonable value of the services received. *In re Smurfit-Stone Container Corp.,* 425 B.R. 735, 741 (Bankr. D. Del. 2010) (citing *NLRB. v. Bildisco,* 465 U.S. 513, 531 (1984)). It is presumed that, when a contract exists, the contract rate is the reasonable value of the services provided to the estate. *In re Bethlehem Steel Corp.* 291 B.R. 260, 264 (Bankr. S.D.N.Y. 2003).

13. Previously the Debtors made payments to CRA in the ordinary course of business. Since the bankruptcy filings no such payments were made. CRA files this Motion out of an abundance of caution to ensure that it is fully compensated for post-petition services provided to the Debtor. TX has funded the Debtors' payroll obligations throughout these cases. The Debtors acknowledge that the services provided by CRA and TX were essential to the Debtors' ability to preserve the value of its businesses.

14. For these reasons, the Court should allow CRA and TX administrate expense claims in the amounts of $36,250 and $73,500 respectively for unpaid post-petition services provided to the Debtors.

**WHEREFORE**, for the reasons stated herein, CRA and TX respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit C: (i) allowing CRA and TX their respective administrative expense claims in the aggregate amount of $109,750 for post-petition services provided to the Debtors; (ii) ordering the Debtors to pay CRA's and TX's allowed administrative expense claim immediately; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: April 17, 2018

FORCHELLI DEEGAN TERRANA LLP

By: Gerard R. Luckman
GERARD R. LUCKMAN
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel: (516) 248-1700
Fax: (516) 248-1729
gluckman@forchellilaw.com

4