DIAMOND McCARTHY LLP
Allan B. Diamond, Esq.
489 Fifth Avenue, 21st Floor
New York, NY 10017
Tel: (212) 430-5400
Fax: (212) 430-5499

Christopher R. Murray, Esq.
Charles M. Rubio, Esq.
909 Fannin Street, 37th Floor
Houston, Texas 77010
Tel: (713) 333-5100
Fax: (713) 333-5199

*Counsel for Ponderosa*
*Energy LLC and GS Energy LLC,*
*Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:

    PONDEROSA ENERGY, LLC and
    GS ENERGY, LLC

                      Debtors.

Chapter 11
Case No. 17-13484-SHL
(Jointly Administered)

------------------------------------------------------------- x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE
STATEMENT; (II) SCHEDULING PLAN CONFIRMATION HEARING;
(III) ESTABLISHING VOTING RECORD DATE; (IV) APPROVING SOLICITATION
PACKAGES AND DISTRIBUTION PROCEDURES; (V) APPROVING AND
ESTABLISHING PROCEDURES FOR VOTING ON THE CHAPTER 11 PLAN;
(VI) ESTABLISHING VOTING DEADLINE TO ACCEPT OR REJECT PLAN;
(VII) APPROVING PROCEDURES FOR VOTE TABULATIONS;
<u>AND (VIII) GRANTING RELATED RELIEF</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE BEFORE THE HEARING ON THIS MOTION. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY**

**RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE SEAN H. LANE, UNITED STATES BANKRUPTCY JUDGE:

Ponderosa Energy, LLC and GS Energy, LLC ("Debtors"), the debtors and debtors-in-possession in the above-referenced chapter 11 case, file this motion (this "Motion") for entry of an order, substantially in the form attached hereto (the "Solicitation Procedures Order"), pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2002, 3017, 3018, 3020, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) conditionally approving the adequacy of the Debtors' Combined Disclosure Statement and Plan of Liquidation (the "Plan and Disclosure Statement"); (ii) combining and scheduling the hearings on the Plan and Disclosure Statement; (iii) establishing a voting record date; (iv) approving solicitation packages and distribution procedures; (v) approving and establishing procedures for voting on the Plan (as defined in the Plan and Disclosure Statement); (vi) establishing a voting deadline to accept or reject the Plan; (vii) approving procedures for vote tabulations; and (viii) granting related relief. In support hereof, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2

## BACKGROUND

### A. Procedural History

2. On December 5, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code, in this Court.

3. As of the Petition Date, the Debtors were oil and gas exploration and production companies holding working interests in mineral leases in the Anadarko Basin in Northern Texas. These interests included hundreds of wells that produce substantial quantities of oil and gas.

4. After the Petition Date, the Debtors continued as debtor-in-possession and operated wells on the oil and gas leases it owned in Northern Texas.

### B. Dispute and Settlement with PPF

5. Prior to the Petition Date, Petroleum Production Finance, Inc. (together with certain related special-purpose financing entities, "PPF") commenced an action against the Debtors and related parties in the 160th Judicial District Court of Dallas County, Texas, Cause No. DC-17-04608, alleging, among other things, that said defendants breached certain contracts related to volumetric production payment transactions in which plaintiffs purchased barrels of oil from defendants to be delivered over a period of time.

6. Also prior to the Petition Date, the Debtors also commenced an action against PPF and related parties, in the 84th Judicial District Court of Hutchinson County, Texas, Cause No. 42908, alleging, among other things, that said defendants made usurious demands for payment relating to the volumetric production payment transactions at issue.

7. Additionally, shortly after the Petition Date, the Debtors commenced an adversary proceeding against PPF and related parties in this Court, Adversary No. 17-01239-SHL, alleging,

3

among other things, that said adversary defendants committed fraud, usury, and breaches of contract relating to the volumetric production payment transactions at issue;

8. On or about March 21, 2018, the Debtors, PPF, and certain related entities entered into a Settlement and Sale Agreement and Release of Liability (the "Settlement Agreement") in order to resolve claims related to the Debtors' pre-petition financing with PPF.

9. The Bankruptcy Court approved the Settlement Agreement in an order dated April 18, 2018 [ECF No. 92]. Pursuant to the Bankruptcy Court's order and the Settlement Agreement, on or around May 2, 2018, the Debtors transferred the Properties (as defined in the Settlement Agreement) to PPF's designees. In exchange, PPF agreed to pay all ad valorem property taxes on the Properties and made a payment of $398,531.40 to the Debtors. Additionally, the parties agreed to dismiss their state-court litigations, the Debtors dismissed the Adversary, and the parties exchanged mutual releases.

10. Following close of the sale pursuant to the Settlement Agreement (the "Sale"), the Debtors own only one lease with two remaining wells, both of which are no longer in operation.

C. **Chapter 11 Plan of Liquidation and Disclosure Statement**

11. Following the above-described Sale, the Debtors now seek to approve and to confirm the Plan and Disclosure Statement to, among other things, wind down the Debtors' estate, liquidate its remaining assets, and distribute the proceeds from the liquidation of the Debtors' remaining assets.

12. On this day, the Debtors filed its Plan and Disclosure Statement.

13. The following table (a) designates the classes of claims against, and equity interests in, the Debtors, (b) specifies the classes of claims and equity interests that are impaired by the Plan and Disclosure Statement and therefore are entitled to vote to accept or reject the Plan and Disclosure Statement, or deemed to reject the Plan and Disclosure Statement, as the case may be, in accordance

4

with section 1126 of the Bankruptcy Code, and (c) specifies the classes of claims that are unimpaired by the Plan and Disclosure Statement and therefore are conclusively presumed to accept the Plan and Disclosure Statement in accordance with section 1126 of the Bankruptcy Code.

| Class | Description | Impairment | Entitled to Vote |
|---|---|---|---|
| 1 | Secured Claims | Unimpaired | No (conclusively presumed to accept) |
| 2 | Priority Claims | Impaired | Yes |
| 3 | General Unsecured Claims | Impaired | Yes |
| 4 | Membership Interests | Impaired | No (conclusively presumed to reject) |

14. In addition to the foregoing, the Plan also provides for the payment of administrative expenses to Casimir Resource Advisors LLC ("CRA") and Ponderosa TX Operating LLC ("TX") in the aggregate amount of $21,950 for services provided to the Debtors during the month of May 2018. The nature of these services are described in the certain *Motion For Allowance And Payment of Administrative Claim Pursuant To 11 U.S.C. § 503(B)(1)(A)* [Dkt. 88] (the "Administrative Expense Motion") filed by CRA and TX. Specifically, the Administrative Expense Motion describes that CRA provides administrative and management support to the Debtors in the amount of $7,250 per month and TX funds the Debtor's payroll obligation in the amount of $14,700 per month. The Administrative Expense Motion covered the months from December 2017 to April 2018. Pursuant to the Plan, the Debtors seek to compensate CRA and TX the amount of $21,950 in the aggregate for services provided and expenses funded during the month of May 2018. As a result of the consummation of the Settlement Agreement in May 2018, the Debtors will not incur these administrative expenses after May 2018.

5

**RELIEF REQUESTED**

15. By this Motion, the Debtors seeks entry of the Solicitation Procedures Order, substantially in the form attached hereto:

(a) conditionally approving the adequacy of the Plan and Disclosure Statement under 11 U.S.C. §1125;

(b) scheduling and combining the hearing to consider the approval and confirmation of the Plan and Disclosure Statement (the "Combined Hearing") and approving the notice with respect to such hearing substantially in the form annexed to the Solicitation Procedures Order as Exhibit 1 (the "Combined Hearing Notice");

(c) shortening the notice of the Combined Hearing and the deadline for filing objections to both the adequacy and confirmation of the Plan and Disclosure Statement;

(d) establishing the record date for purposes of determining the holders of claims against, and interests in, the Debtors (the "Voting Record Date");

(e) approving the contents of solicitation materials (the "Solicitation Packages") and the procedures for distribution thereof;

(f) approving voting and tabulation procedures;

(g) approving the use of ballots and the instructions for doing so substantially in the form annexed to the Solicitation Procedures Order as Exhibit 2 (the "Ballot Instructions");

(h) establishing the deadline by which holders of claims against the Debtors must vote to accept or reject the Plan and Disclosure Statement (the "Voting Deadline"); and

(i) establishing the deadline to object to the confirmation of the Plan and Disclosure Statement (the "Objection Deadline").

16. The Debtors further requests the approval of following dates and deadlines as more fully described herein:

6

| **PROPOSED SOLICITATION AND CONFIRMATION TIMELINE** ||
|---|---|
| Approval of Solicitation Procedures Motion | June 25, 2018 |
| Voting Record Date | June 25, 2018 |
| Deadline to transmit the Solicitation Packages (the "Solicitation Date") | June 27, 2018 |
| Deadline to Object to Claims for Voting | July 4, 2018 |
| Deadline to request Temporary Allowance | July 11, 2018 |
| Objection Deadline | July 18, 2018 |
| Voting Deadline | July 18, 2018 |
| Deadline to file Ballot Summary | July 23, 2018 |
| Deadline to file proposed Findings of Fact and Conclusions of Law | July 23, 2018 |
| Combined Hearing | July 25, 2018 or later |

## BASIS FOR THE RELIEF REQUESTED

### A.  Conditionally Approving the Adequacy of the Disclosure Statement

17.     Section 1125 of the Bankruptcy Code provides that the Bankruptcy Court may approve a disclosure statement as containing adequate information before solicitation of approval of a plan. *See* 11 U.S.C. § 1125(b). Adequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors that would enable a hypothetical investor to make an informed judgment about the plan. 11 U.S.C. § 1125(a)(1). The Debtors contends that the Plan and Disclosure Statement contains adequate information.

18. In conjunction with this request to conditionally approve the disclosure statement, the right of all parties in interest are reserved to raise objections to the adequacy of information of the disclosure statement at the time of the Combined Hearing.

### B. Combining Hearing on Disclosure Statement and Confirmation of the Plan

19. Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128. Section 105 of the Bankruptcy Code expressly provides that a court may issue an order that "provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan." 11 U.S.C. § 105(d)(2)(B)(vi).

20. For the reasons set forth below, the Debtors respectfully request that the Court consolidate approval of the Disclosure Statement and confirmation of the Plan at a single hearing and enter an order scheduling the Combined Hearing for July 25, 2018 or later.

21. The Debtors' Plan is a straightforward plan of liquidation. A Combined Hearing will expedite the confirmation process, thereby directly benefitting the Debtors' creditors by accelerating the implementation of the Plan and Disclosure Statement. The Combined Hearing is in the best interests of creditors and the Debtors' estate and will not prejudice any party-in-interest.

22. On these facts, the Debtors submit that cause exists to consolidate the hearings on disclosure statement approval and plan confirmation pursuant to Bankruptcy Code section 105(d)(2)(B)(vi).

### C. Combined Disclosure Statement and Confirmation Hearing and Establishment of Notice and Objection Procedures

23. Bankruptcy Rule 3017 requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest, and that the court shall hold a hearing to consider the disclosure statement and any objections thereto on 28 days' notice as

provided in Rule 2002. Pursuant to Bankruptcy Rule 3020(b), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Bankruptcy Rules 2002(b) and 2002(d) require 28 days' notice of the hearing on both the hearing on a disclosure statement and confirmation of a plan and for filing objections to both a disclosure statement and confirmation of a plan.

24. Reduction of a notice period is permitted under Bankruptcy Rule 9006(c)(1) which provides that "[e]xcept as provided in paragraph (2) [of Rule 9006(c)] when an act is required or allowed to be done at or within a specified period of time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Rule 3017 is not listed in Rule 9006(c)(2) among the rules with notice periods that may not be shortened. Rule 9006(c) explicitly provides that a bankruptcy court may shorten the time period required by the Bankruptcy Rules "with or without motion or notice."

25. In accordance with Bankruptcy Rules 2002, 3017, 3020, and 9006, the Debtors proposes to provide to all secured creditors, all general unsecured creditors, and all parties on the Debtors' master service list the Combined Hearing Notice, setting forth (i) the procedure for obtaining a copy of the Plan and Disclosure Statement, (ii) the Voting Record Date, (iii) the Voting Deadline, (iv) the Objection Deadline for filing objections to confirmation of the Plan and Disclosure Statement, and (v) the time, date, and place for the Combined Hearing. Assuming the Solicitation Procedures Order is entered by June 25, 2018, the Debtors shall transmit by June 27, 2018, the Combined Hearing Notice to all creditors and other parties in interest. A copy of the Plan and Disclosure Statement will be available on-line.

26. In light of the proposed solicitation procedures described herein, the Debtors requests that the Combined Hearing be scheduled for July 25, 2018 or later as the Court's calendar will permit, and that the Objection Deadline be established as July 18, 2018, at 4:00 p.m. (ET). Parties in interest

9

will receive approximately 21 days' notice of the Objection Deadline and 28 days' notice of the Combined Hearing date. The proposed Objection Deadline will afford the Court, the Debtors, and other parties in interest sufficient time to consider the objections and any proposed modifications prior to the Combined Hearing.

27. The Debtors believes that the foregoing procedures will provide adequate notice of the Combined Hearing and the Objection Deadline related thereto. Accordingly, the Debtors respectfully request that (i) the Combined Hearing be scheduled for July 25, 2018 or later, and (ii) the Objection Deadline be established as June 18, 2018, at 4:00 p.m. (ET).

D. **Procedure for Objecting to the Plan and/or Disclosure Statement**

28. The Combined Hearing Notice provides, and the Debtors requests that the Court direct that objections to the adequacy and confirmation of the Plan, if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification to the Plan and Disclosure Statement to cure such objection, and (iv) be filed, together with proof of service, with the Court and served so as to be actually received no later than 4:00 p.m. (ET) on July 18, 2018, by:

>       Diamond McCarthy LLP
>       Counsel to Ponderosa Energy LLC and GS Energy LLC
>       909 Fannin, 37th Floor
>       Houston, Texas  77010
>       Attn:    Charles M. Rubio
>                Christopher R. Murray
>                Rebecca A. Muff
>
>       Office of the United States Trustee
>       201 Varick Street,
>       New York, New York 10014
>       Attn:    Serene Nakano

29. Pursuant to section 1127 of the Bankruptcy Code, the Debtors reserve the right to modify the Plan and Disclosure Statement prior to or during the Combined Hearing in order to address any objections or as otherwise appropriate. Modifications of the Plan and Disclosure Statement will be filed with the Court.

### E. Filing Ballot Summary and Related Matters

30. The Debtors requests it be allowed to file its written ballot summary on the date that is two days prior to the Combined Hearing.

31. Further, the Debtors requests that it be allowed to submit its proposed Findings of Fact and Conclusions of Law to be filed with the Court on the date that is two days prior to the Combined Hearing.

### F. Establishment of a Voting Record Date

32. Bankruptcy Rule 3017(d) provides that, for the purpose of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." The record date for determining which holders of equity securities and creditors whose claims are based on a security of record are entitled to vote to accept or reject a plan is the "date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bank. P. 3018(a).

33. Since the Debtors are requesting the Court hold the hearing to approve the Disclosure Statement and the hearing to consider confirmation of the Plan on the same date, the Debtors requests that the Court set June 25, 2018, as the Voting Record Date. Holders of claims or interests, as of the Voting Record Date and as determined by the Debtors' books and records, shall be holders of record,

11

and as such, shall be entitled to vote on the Plan. The Voting Record Date shall have no preclusive effect as to distributions under the Plan. Accordingly, the Debtors submit that the Voting Record Date is appropriate and should be approved.

### G. Approval of Solicitation Packages and Distribution Procedures

34. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the Debtors in possession, trustee, proponent of the plan, or clerk as the court orders, shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan. . . .
>
> Fed. R. Bankr. P. 3017(d).

35. Because of the limited funding available, the Debtors is requesting relief from Rule 3017 that would otherwise require the Plan and Disclosure Statement (or court approved summary of the plan) to be mailed to holders of claims and equity security holders. Because of the significant cost of printing and mailing the Plan and Disclosure Statement, the Debtors proposes to make the

12

Plan and Disclosure Statement available in electronic format online. The Debtors requests authority to notify parties of the location of such documents by mailing the Combined Hearing Notice that contains a link directly to the Plan and Disclosure Statement. The website shall contain a copy of the Plan and Disclosure Statement, which can be reviewed online or downloaded and printed.

36. The Debtors requests that the Court determine that the Debtors are not required to distribute paper copies of the Plan and Disclosure Statement to holders of claims and interests.

37. Upon obtaining Court approval of the procedures set forth in this Motion, the Debtors proposes to mail or cause to be mailed Solicitation Packages as discussed more fully below by no later than the Solicitation Date of June 27, 2018.

38. Solicitation Packages distributed to creditors holding claims in Class 2 (Priority Unsecured Claims) and Class 3 (General Unsecured Claims) (together, the "Voting Class") will contain a copy of: (i) the Combined Hearing Notice; (ii) the Ballot Instructions in the form attached to the Solicitation Procedures Order as Exhibit 2; (iii) a ballot; and (iv) such other materials as the Court may direct. Notwithstanding anything to the contrary contained in this Motion, any creditor that has filed or purchased duplicate claims (as determined on the face of such claims or after a reasonable review of the supporting documentation by the Debtors) within the same Voting Class shall be provided with only one Solicitation Package and shall be entitled to one ballot for voting a single claim in such class, regardless of whether the Debtors has objected to such duplicate claims.

39. The Debtors further requests that the Court determine that the Debtors is not required to distribute paper copies of the Plan and Disclosure Statement to holders of such claims and interests in the Voting Classes.

40. With respect to any transferred claim, if the transferor of such claim is entitled to vote to accept or reject the Plan and Disclosure Statement, the Debtors propose that the transferee be

13

entitled to receive a Solicitation Package and vote to accept or reject the Plan and Disclosure Statement on account of the transferred claim only if all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date.

41. Further, the Debtors will distribute, or cause to be distributed by the Solicitation Date, the Combined Hearing Notice and any other materials as the Court may direct to all parties on the Debtors' master service list maintained in this Chapter 11 Case.

42. The Debtors submits that it has shown good cause for implementing the foregoing notice and service procedures.

### H. Establishing Voting Deadline for Receipt of Ballots

43. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Debtors expects to complete mailing of the Solicitation Packages by the Solicitation Date. For a ballot to be counted as a vote to accept or reject the Plan and Disclosure Statement, the Debtors proposes that each ballot must be actually received by no later than 4:00 p.m. (ET) on July 18, 2018, (the "<u>Voting Deadline</u>"), which is 21 days after the Solicitation Date. The Debtors submits that such solicitation period is a sufficient period within which creditors can make an informed decision regarding whether to accept or reject the Plan and Disclosure Statement.

### I. Approval of Voting and Tabulation Procedures

44. Section 1126(c) of the Bankruptcy Code provides:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c). Further, Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."

45. Solely for purposes of voting to accept or reject the Plan and Disclosure Statement and not for the purpose of the allowance of, or distribution on account of, any claim, and without prejudice to the rights of the Debtors in any other context, the Debtors propose that each claim within a class of claims entitled to vote to accept or reject the Plan and Disclosure Statement be temporarily allowed in an amount equal to the amount of such claim as set forth in the Debtors' Schedules of Assets and Liabilities (the "Schedules"). The foregoing general procedure will be subject to the following exceptions:

(a) If a claim is allowed by order of the Court, such claim is allowed for voting purposes in the allowed amount set forth in the order;

(b) If a claim for which a proof of claim has been timely filed is for unknown or undetermined amounts, or is wholly unliquidated or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors) and such claim has not been allowed, such claim will be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution and accorded one vote and valued at an amount equal to one dollar ($1.00), unless such claim is disputed as set forth in paragraph (g) below;

(c) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(d) If a proof of claim was timely filed in an amount that is liquidated and matured, such claim is temporarily allowed in the amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed or for $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claims established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, the Debtors

15

proposes that such claim shall be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c);

(f) If a claim is listed in the Schedules or on a timely filed proof of claim as contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, matured, and undisputed for voting purposes only, and not for purposes of allowance or distribution;

(g) If the Debtors has served an objection or request for estimation as to a claim at least fourteen (14) calendar days before the Voting Deadline, such claim is temporarily disallowed for voting purposes unless a motion for temporary allowance is filed and approved by the Court; provided, however, that if such objection is an objection to reduce the amount of the claim and no motion for temporary allowance is filed, the claim shall be allowed to be voted in the reduced amount; and

(h) If a proof of claim has been amended by a later-filed proof of claim, the earlier-filed claim will not be entitled to vote, regardless of whether the Debtors has objected to such earlier-filed claim.

46. The Debtors proposes that the following procedures shall apply for tabulating votes:

(a) any Ballot that is otherwise timely completed, executed, and properly cast to the Debtors but does not indicate an acceptance or rejection of the Plan and Disclosure Statement, or that indicates both an acceptance and rejection of the Plan and Disclosure Statement, shall not be counted; if no votes to accept or reject the Plan and Disclosure Statement are received with respect to a particular class that is entitled to vote on the Plan and Disclosure Statement, such class shall be deemed to have voted to accept the Plan and Disclosure Statement;

(b) if a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last properly cast Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots;

(c) creditors must vote all of their claims within a particular class to either accept or reject the Plan and Disclosure Statement, and may not split their votes within a particular class and thus a Ballot (or group of Ballots) within a particular class that partially accepts and partially rejects the Plan and Disclosure Statement shall not be counted;

(d) a creditor who votes an amount related to a claim that has been paid or otherwise satisfied in full or in part shall only be counted for the amount that

16

        remains unpaid or not satisfied, and if such claim has been fully paid or otherwise satisfied, such vote will not be counted for purposes of amount or number; and

(e)     except as otherwise provided in this Motion, for purposes of determining whether the numerosity and amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtors will tabulate only those Ballots received by the Voting Deadline. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtors in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

47.     The Debtors further propose that the following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

(a)     any Ballot received after the Voting Deadline, unless the Debtors, in its discretion, grants an extension of the Voting Deadline with respect to such Ballot;

(b)     any Ballot that is illegible or contains insufficient information to permit identification of the voter;

(c)     any Ballot cast by a person or entity that does not hold a claim or interest in a class that is entitled to vote to accept or reject the Plan;

(d)     any unsigned Ballot or does not contain an original signature; and

(e)     any Ballot transmitted to the Debtors by facsimile or email, unless the Debtors in its discretion permits such method of delivery.

48.     The Debtors, in their discretion, may allow any claimant who submits a properly completed Ballot to supersede or withdraw such Ballot on or before the Voting Deadline. In the event that the Debtors permit such supersession or withdrawal, the claimant, for cause, may change or withdraw its acceptance or rejection of the Plan in accordance with Bankruptcy Rule 3018(a). Notwithstanding anything contained herein to the contrary, the Debtors propose that the Debtors, in their discretion, may, but are not required to, contact voters to cure any defects in the Ballots and are authorized to so cure any defects. The Debtors further propose that, subject to any contrary order of

the Court and except as otherwise set forth herein, they may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the vote-tabulation certification prepared by the Debtors.

49. If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such creditor to serve on counsel for the Debtors and file with the Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan and Disclosure Statement on or before the seventh (7th) calendar day before the Voting Deadline. The Debtors further propose, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by an order entered by the Court prior to the Voting Deadline.

50. The Debtors believe that the proposed voting and tabulation procedures will facilitate the Plan confirmation process. Specifically, the procedures will clarify the obligations of every holder of a claim entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirement of section 1126(c) of the Bankruptcy Code. Accordingly, the Debtors submit that the voting and tabulation procedures are in the best interests of the Debtors' estates, holders of claims, and other parties in interest, that such procedures provide for a fair and equitable voting process, and that good cause supports the relief requested herein. Accordingly, the Debtors submit that the voting and tabulation procedures should be approved.

## **NON-SUBSTANTIVE MODIFICATIONS**

51. The Debtors request authorization to make non-substantive modifications to the Combined Hearing Notice, Solicitation Packages, Ballots, and related documents without further

order of the Court, including modifications to correct typographical and grammatical errors, if any, and to make conforming modifications to the Plan and Disclosure Statement and any other materials in the Solicitation Packages prior to distribution.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief the Court deems just and proper.

Dated: New York, New York
      June 15, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
Christopher R. Murray
909 Fannin, Suite 3700
Houston, TX 77010
(713) 333-5100
crubio@diamondmccarthy.com
cmurray@diamondmccarthy.com

Allan B. Diamond
489 Fifth Avenue, 21st Floor
New York, NY 10017
(212) 430-5400
adiamond@diamondmccarthy.com
arosen@diamondmccarthy.com

*Counsel to Debtors and
Debtors-In-Possession*