UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re:

                                                            Chapter 11
      PONDEROSA ENERGY, LLC and            Case No. 17-13484-SHL
      GS ENERGY, LLC[1]                  (Jointly Administered)

                                    Debtors.
------------------------------------------------------------- x

## ORDER CONFIRMING CHAPTER 11 PLAN OF LIQUIDATION

Debtors and debtors-in-possession Ponderosa Energy, LLC and GS Energy, LLC ("Debtors"), having filed a Combined Joint Disclosure Statement and Plan of Liquidation, dated June 15, 2018 [Docket No. 98] (the finalized version attached hereto, the "Plan");[2] and a preliminary hearing on the adequacy of the disclosure statement having been held on June 25, 2018; and the Court having entered an order, dated June 28, 2018 (the "Disclosure Statement Order"), conditionally approving the disclosure statement portion of the Plan (the "Disclosure Statement"), setting a hearing (the "Confirmation Hearing") to consider confirmation of the Plan, and authorizing the method and transmittal of the Plan to all creditors and holders of equity interests; and it appearing that the Plan and the Disclosure Statement Order were duly transmitted to all creditors, equity holders and parties in interest as required by the Disclosure Statement Order, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Bankruptcy Local Rules for the U.S. Bankruptcy Court for the Southern District of New York (the "Court"); and, it appearing that ballots were duly transmitted to all creditors entitled to vote on the Plan as required by the Disclosure Statement Order, and upon the certification filed by counsel to the Debtors, pursuant to Bankruptcy Rule

---

[1]      The last four digits of each Debtor's federal tax identification number are:  Ponderosa Energy, LLC (6262) and GS Energy, LLC (3426).

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

3018 (the "Balloting Report"), from which it appears that, with respect to impaired classes of

Claims entitled to vote on the Plan, holders of Class 3 Claims have voted to accept the Plan; and

the Confirmation Hearing having been held on August 1, 2018; the record of the Confirmation

Hearing and the full record of this case; and after due deliberation and sufficient cause appearing

therefore, it is hereby

**FOUND AND DETERMINED THAT**:[3]

A.      The Court takes judicial notice of the docket of the case and related proceedings

maintained by the Clerk of the Court, including, without limitation, all pleadings and other

documents filed, all orders entered, and the transcripts of, and all evidence and arguments made,

proffered or adduced at, the hearings held before the Court during the pendency of the case.

B.      On December 5, 2017, the Debtors filed voluntary petitions for relief under Chapter

11 of the Bankruptcy Code in the Court.

C.      The confirmation of the Plan and related matters are core proceedings within the

meaning of 28 U.S.C. § 157, over which the Court has jurisdiction to enter a final order.  Venue

of the case is proper in this district.

D.      The information contained in the Disclosure Statement and evidence adduced at the

Confirmation Hearing, along with the record in this Case, was sufficient to enable parties-in-

interest and the Bankruptcy Court to make an informed judgment that the Plan and contains

"adequate information" as required by 11 U.S.C. § 1125.

E.      All parties-in-interest, including all creditors and equity holders, required to receive

notice of the Confirmation Hearing have received due, proper and adequate notice thereof, and no

---

[3]      The findings of this Court above and the conclusions of law stated herein shall constitute findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable herein pursuant to Fed. R. Bankr. P. 9014.  To the extent any findings of fact shall be determined to be conclusions of law, it shall be so deemed, and vice versa.

2

other or further notice of the Confirmation Hearing is required.  All such parties had an opportunity

to appear and be heard at the Confirmation Hearing.

F.      The classification of claims and equity interests under the Plan complies with §1122

of the Bankruptcy Code.  The Plan provides for the same treatment for each claim of a particular

class, unless the holder of a particular claim agrees to different treatment.

G.      The procedures by which the Ballots were distributed and tabulated were fair,

properly conducted and in compliance with the Disclosure Statement Order.  Solicitation of

acceptances of the Plan was undertaken in compliance with the applicable provisions of the

Bankruptcy Code.

H.      The Plan complies with all applicable provisions of the Bankruptcy Code as

required by § 1129(a)(1).

I.      The proponents of the Plan – the Debtors – have complied with all applicable

provisions of the Bankruptcy Code as required by § 1129(a)(2).

J.      The Plan has been proposed in good faith and not by any means forbidden by law

and satisfies the requirements of § 1129(a)(3).

K.      Any payment made or to be made by the Debtors, for services or for costs and

expenses in or in connection with the Case, or in connection with the Plan and incident to the Case,

has been approved by, or is subject to the approval of the Court as reasonable, as required by

§ 1129(a)(4).

L.      The Debtors shall have the same officers and managers as it did on the Petition

Date.  Accordingly, the Plan satisfies the requirements of § 1129(a)(5) of the Bankruptcy Code.

M.      The Plan does not provide for any rate changes requiring the approval of any

governmental regulatory commission within the purview of § 1129(a)(6) of the Bankruptcy Code.

N.      Based on the liquidation analysis attached as Exhibit A to the Plan, each impaired

class of claims or interests will receive under the Plan on account of such claim or interest property

of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would

receive or retain if the Debtors was liquidated under Chapter 7 of the Bankruptcy Code.

Accordingly, the Plan satisfies the requirements of § 1129(a)(7).

O.      Section 1129(a)(8) of the Bankruptcy Code requires that, with respect to each class

of claims or interests, such class has either accepted the Plan or is not impaired under the Plan.

Every class of claims or interests either (i) has accepted the Plan, (ii) is not impaired under the

Plan, or (iii) is deemed to have rejected the Plan pursuant to § 1126(g) of the Bankruptcy Code.

Under the Plan, (a) Class 2 and Class 3 are impaired; (b) Class 1 is unimpaired and deemed to have

accepted the Plan, and (b) Class 4 is deemed to have rejected the Plan.  The required number of

creditors and amount of creditor claims in Class 2 and Class 3 have voted to accept the Plan and

satisfies the requirements of Bankruptcy Code § 1126(c).

P.      The Plan does not discriminate unfairly with respect to holders of Class 2 or 3 and

the Plan does not provide a distribution to any classes junior to such classes that are receiving a

distribution under the Plan.

Q.      The Plan provides that all holders of allowed administrative claims (other than

Professionals) specified in § 507(a)(2) of the Bankruptcy Code will receive cash from the Debtors

in an amount equal to any unpaid portion of such allowed administrative claim on the later of:

(a) seven (7) business days after the Effective Date; or (b) seven (7) business days after the date

such administrative claim becomes an allowed claim.  The Plan provides that all holders of allowed

priority tax claims specified in § 507(a)(8) of the Bankruptcy Code will receive cash in the amount

of such claim as soon as reasonably practicable after the Effective Date or the date such priority

tax claim becomes an allowed claim. The Plan, therefore, satisfies the requirements of § 1129(a)(9).

R.      As indicated in the Balloting Report, the Plan has been accepted by at least one impaired class (Class 3), determined without including the acceptance of the Plan by any insider. The Plan satisfies Bankruptcy Code § 1129(a)(10).

S.      The Plan satisfies the requirements under Bankruptcy Code § 1129(a)(11). Bankruptcy Code § 1129(a)(11) requires that "[c]onfirmation of the plan is not likely to be followed by the liquidation . . . of the Debtors . . . unless such liquidation or reorganization is proposed in the plan." The Plan proposes to liquidate the Debtors.

T.      The Plan satisfies the requirements of Bankruptcy Code § 1129(a)(12) because all payments that are required under that section of the Bankruptcy Code can be feasibly made following the occurrence of the Effective Date under the Plan.  Further, none of the payments or actions contemplated in the Plan is dependent on the occurrence of any unlikely contingent event. The structure of the Plan and mechanisms for implementation of the Plan are reasonable and appropriate, and the estate is able to pay (or reserve for) all of the payments required to be made on and after the Effective Date of the Plan.

U.      The Plan provides for the payment of all fees payable under 28 U.S.C. § 1930 in compliance with § 1129(a)(12).

V.      The Plan does not need to satisfy the requirements of Bankruptcy Code § 1129(a)(13), (14) and (15) because the Debtors is not subject to any obligations on account of retiree benefits, as that term is defined in § 1114 of the Bankruptcy Code, the Debtors is not subject to paying a domestic support obligation, and the Debtors are not individuals.

W.      The Plan complies with the applicable provisions in § 1129(b) of the Bankruptcy Code.  Notwithstanding the deemed rejection of the Plan by Class 4 Interests, the Plan complies with the requirements of Bankruptcy Code § 11129(b)(2)(B) and 1129(b)(2)(C).

X.      The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act of 1933.

Y.      Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in § 1129 of the Bankruptcy Code.

Z.      Diamond McCarthy LLP ("Diamond McCarthy"), the only estate Professional, currently hold some proceeds from the Settlement in its client trust account (the "Professional Trust Funds").  The Debtor believes that the Professional Trust Funds are in an amount sufficient to satisfy the unpaid amount of Diamond McCarthy's allowed administrative claims that are ultimately approved pursuant to an order (a "Final Fee Application Order") approving a final application for allowance of compensation and reimbursement of expenses (a "Final Fee Application") filed by Diamond McCarthy.

AA.     The releases, exculpations and injunction provisions of Sections VI  (H), (I), (K) and  (L) of the Plan are appropriate under the facts and circumstances of this Case.

BB.     The releases of all claims, rights and/or causes of action under Chapter 5 of the Bankruptcy Code by the Debtors on behalf of itself and its estate in connection with the Plan is in the best interest of the estate, satisfies Bankruptcy Rule 9019 and applicable laws related to settlement of claims by the Debtors' estate.

CC.     Pursuant to the *Order Authorizing and Approving Settlement and Sale Agreement by and Among the Debtors and Certain Secured Creditors Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 2002 and 9019; and Authorizing and Approving Private*

6

*Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, and Interests Under Such Settlement and Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004* [Dkt. 92] (the "Sale Order"), the Debtors sold substantially all of its assets to Petroleum Production Finance, Inc., PPF 2 LLC, and PPF 3 LLC and their assigns (collectively, "PPF"), free and clear of liens and encumbrances (except as otherwise provided in the Sale Order) pursuant to that certain Settlement and Sale Agreement and Release of Liability between the Debtors and PPF dated March 21, 2018, (the "Settlement Agreement").

DD.    Pursuant to Section 5(d) of the Settlement Agreement, PPF is required to pay all unpaid ad valorem taxes assessed on the Properties (as defined in the Settlement Agreement), whether assessed and/or due and payable before or after the Effective Date of the Settlement Agreement.

EE.    Molori Energy, Inc., ("Molori") hereby withdraws its Amended Limited Objection to Debtors' Combined Disclosure Statement and Plan of Liquidation [ECF No. 107] subject to the following stipulated findings and agreements, which are hereby approved, and clarification in this order that certain of Molori's rights and remedies are not impaired by this bankruptcy case.  Molori stipulates to the following findings and agreements:

1.    Molori does not contest the validity of the Sale Order or the sale approved therein.

2.    Molori does not contest the Molori Affidavit, as defined in the settlement agreement incorporated into the Sale Order.

3.    In the State Action (defined below), there is an issue whether Molori is owed some consideration for the Molori Affidavit; Molori agrees that it will not pursue any consideration for the Molori Affidavit from the Debtors.

4.       Molori releases the Debtors' Representatives (defined below) and the Specified Parties (defined below) from any and all claims for conduct—except willful misconduct or gross negligence—in connection with the Chapter 11 Cases and the use of the Molori Affidavit in the Chapter 11 Cases.   The Debtors' Representatives are Richard Sands, Cory Meadows, Adam Sands,  William Poon, Yaron Bentchlouch, Phylise Marcy Sands. The Specified Parties are Casimir Capital Group, LLC, Casimir Capital LP, Casimir Resources Advisors, LLC, Casimir Energy Advisors, LLC, RNP, LLC, LRG Energy, LLC, Alan Clingman, Washington Federal.

5.       Molori releases the Debtors from any and all claims and agrees it will not commence or continue any suit, action or other proceeding of any kind or nature or employing any process against the Debtors.

FF.       Except as set forth in Section EE, nothing contained in the release or injunction provisions of the Plan or this Order affect or impair Molori's rights or claims, including the rights or claims asserted, or that could be asserted, in *Signal Drilling et al. v. New-Tex Operating*, Case No. 41971 in the 84th District Court of Hutchinson County, Texas ("State Action"). All such rights and claims are excluded from this order.   For avoidance of doubt, nothing contained in the Sale Order affects or impairs Molori's rights or claims against Ponderosa State, LLC, Ponderosa TX Operating LLC or any oil and gas properties, except for the Properties (as defined in the Sale Order).

GG.       Casimir Resource Advisors LLC ("CRA") provided administrative and management support to the Debtors for the month of May 2018 and is entitled to allowance and payment of an administrative expense claim in the amount of $7,250.  Ponderosa TX Operating

LLC ("TX") funded the Debtors payroll obligations for the month of May 2018 and is entitled to allowance and payment of an administrative expense claim in the amount of $14,700.

NOW, based on the foregoing findings of fact and conclusions of law, and after due deliberation, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      Approval of Disclosure Statement.  Pursuant to 11 U.S.C. § 1125(b) and Federal Rule of Bankruptcy Procedure 3017(b), the Disclosure Statement is approved on a final basis.

2.      Confirmation of Plan.  Based on the findings of fact and conclusions of law, the Plan, and each and every provision thereof and every document to be executed pursuant thereto be, and the same hereby is, confirmed in its entirety in accordance with § 1129 of the Bankruptcy Code; provided, however, that if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  All objections and responses to, and statements regarding, the Plan, to the extent they have not been withdrawn prior to entry of this Confirmation Order or are not cured by the relief granted herein, are hereby overruled.

3.      Binding Plan and Order.  The provisions of the Plan and this order (this "Order") are binding upon the Debtors, its successors, all entities acquiring property under the Plan, all creditors and equity holders of the Debtors, and all other parties in interest.  This Order shall be a final determination as to the rights of all claimants and interest holders to participate in the distributions under the Plan, whether or not (a) a proof of claim is filed or deemed filed under § 501 of the Bankruptcy Code, (b) such claim is an allowed claim, or (c) the holder of such claim has voted on or accepted the Plan.

4.    Omission of Reference to Particular Plan Provisions.   The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision in the Plan.

5.    Injunction.   All persons who are bound by the Plan, including holders of claims or interests not listed on the Schedules, or listed on the Schedules as disputed, unliquidated or contingent, who did not file proofs of claim or interest by the applicable Bar Date, are hereby enjoined and prevented from: (a) commencing or continuing any suit, action or other proceeding of any kind or nature or employing any process against the Debtors, the estate, the Debtors' assets, or any direct or indirect successor to the Debtors, or to interfere with the consummation or implementation of the Plan and the settlements thereunder  or the distributions to be made thereunder, (b) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against the Debtors, the estate, the Debtors' assets, or any direct or indirect successor in interest to the Debtors, or any assets or property of such successor, (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien against the Debtors, the estate, the Debtors' assets, or any direct or indirect successor in interest to the Debtors, or any assets or property of such successor, other than as contemplated by the Plan, (d) except as provided herein, asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtors, the estate, the Debtors' assets , or any direct or indirect successor in interest to the Debtors, or any assets or property of such successor, and (e) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

6.    Exculpation.  From and after the Effective Date, to the extent permitted

under § 1125(e) of the Bankruptcy Code, the Debtors and the estate, the officers and directors of

the Debtors, and the Debtors' Professionals shall neither have nor incur any liability to any person

for any act taken or omitted to be taken in connection with the case, including the formulation,

preparation, dissemination, implementation, confirmation or approval of the Plan; *provided,*

*however*, that the foregoing provisions (a) shall not affect the liability of any person that otherwise

would result from any such act or omission to the extent that act or omission is determined in a

final, non-appealable order to have constituted gross negligence or willful misconduct and (b) shall

not abrogate any applicable disciplinary rules.

7.    Executory Contract/Unexpired Leases.  The only executory contract or

unexpired lease that the Debtors are a party to is the certain Office Service Agreement with PBC-

745 Fifth Ave, LLC d/b/a/ Carr Workplaces (the "Office Lease").  The Office Lease is a month-

to-month lease.    In accordance with the Plan, the Office Lease is deemed rejected as of the

Confirmation Date and Casimir Resources, LLC shall be responsible for all amounts owed under

the Office Lease.

8.    Bar Date for Professional Fee Claims.  Professionals requesting

compensation or reimbursement of expenses pursuant to §§ 327, 328, 330, 331, 503(b) and 1103

of the Bankruptcy Code for services rendered prior to the Effective Date must file and serve a Final

Fee Application no later than thirty (30) days after the Effective Date.  All such Final Fee

Applications will be subject to the authorization and approval of the Court by entry of a Final Fee

Application Order.

9.    Retention of Jurisdiction.  Notwithstanding entry of this Order or the

occurrence of the Effective Date, this Court shall retain jurisdiction of this proceeding under the

provisions of the Bankruptcy Code, including, without limitation, § 1142(b) thereof and of the

Federal Rules of Bankruptcy Procedure to ensure that the intent and the purpose of the Plan is

carried out and given effect.  Without limitation by reason of specification, this Court shall retain

jurisdiction for the following purposes:

a)  To consider any modification of the Plan pursuant to § 1127 of the Bankruptcy Code and/or any modification of the Plan after substantial consummation thereof;

b)  To hear and to determine:

i)   any and all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

ii)  any and all controversies, suits and disputes, if any, as may arise between or among the holders of any claim or interest and the Debtors, including objections to claims;

iii) any and all claims and causes of action which may exist on behalf of the Debtors;

iv) any and all pending applications, motions and litigated matters;

v)  any issues related to any matters adjudicated in the case;

vi)  any applications, motions and proceedings involving the Debtors or brought on behalf of the Debtors that may be pending on the Effective Date;

vii) any applications for compensation and reimbursement of Professionals;

viii) resolve any cases, controversies, suits or disputes with respect to any exculpation or other provision contained in the Plan and enter such orders or take such other actions as may be necessary or appropriate to implement or enforce all such provisions; and

ix)  enter an order closing this case.

10.    Implementation.   The Debtors shall have the power to execute any

instrument or document to effectuate the transfer of any money or property required by the Plan.

In accordance with § 1142 of the Bankruptcy Code, the Debtors are authorized, empowered and

directed to issue, execute, deliver, file and record any document, and to take any action necessary

to appropriate to implement, effect and consummate the Plan and any transactions contemplated thereunder.  The Debtors are authorized and has the standing to recover any remaining money or property owed to the Debtors' estates.

11.     Neither the Debtors are responsible for any liabilities arising in connection with PPF's failure to replace any existing bonds or pay any taxes as required under the Settlement Agreement.  PPF shall be responsible for all liabilities arising from PPF's failure to replace any existing bonds or pay any taxes as required under the Settlement Agreement.

12.     U.S. Trustee Fees and Reports.  All fees due and payable to the United States Trustee, pursuant to 28 U.S.C. § 1930, shall be paid in full in cash on or prior to the Effective Date.  All fees payable pursuant to 28 U.S.C. § 1930 after the Effective Date will be paid by the Plan Administrator until the closing of the case pursuant to § 350(a) of the Bankruptcy Code.

13.     Release of Avoidance Actions. By operation of the entry of this Order, the Debtors on behalf of itself and its estate releases any and all claims, rights and/or causes of action under Chapter 5 of the Bankruptcy Code, any and all claims, rights and/or causes of action under fraudulent conveyance and fraudulent transfer laws, and any and all claims, rights and/or causes of action under non-bankruptcy laws vesting in creditors rights to avoid, rescind, or recover on account of transfers including but not limited to all preference laws.

14.     Molori's Releases, Rights and Remedies.  Except for the stipulated findings and agreements set forth in Section EE of this Order, nothing contained in the release or injunction provisions of the Plan or this Order affect or impair Molori's rights or claims, including the rights or claims asserted, or that could be asserted, in *Signal Drilling et al. v. New-Tex Operating*, Case No. 41971 in the 84th District Court of Hutchinson County, Texas. All such rights and claims are excluded from this order.   For avoidance of doubt, nothing contained in the Sale Order affects or

impairs Molori's rights or claims against Ponderosa State, LLC, Ponderosa TX Operating LLC or

any oil and gas properties, except for the Properties (as defined in the Sale Order).

15.     <u>Allowance and Payment of CRA and TX Administrative Expense Claim</u>.

CRA is allowed an administrative expense claim in the amount of $7,250.  TX is allowed an

administrative expense claim in the amount of $14,700.   These administrative expense claims are

to be paid pursuant to the terms of the Plan.

16.     <u>Continuing Validity of Prior Orders</u>.   The entry of this Order and

confirmation of the Plan shall not affect the validity, enforceability, terms, conditions, and/or

deadlines set forth in any prior orders, stipulations, or judgments previously entered in this case,

which orders, stipulations, and judgments shall remain in full force and effect notwithstanding the

closing of this case or entry of a final decree.

17.     <u>Import of this Order</u>. In the event of an inconsistency between the Plan and

this Order, this Order shall control.

18.     <u>Filing of Order</u>.  This Order may be filed in any place where state, federal

or local law permits filing or recording.


Dated this **23rd** day of **August**, 2018.

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE